UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPHINE T. ROSSI,

                    Petitioner,                              1:09-MC-0027 (LEK)

          -against-

THE MOHAWK AND HUDSON
RIVER HUMANE SOCIETY,

                    Respondent.
_____

IN RE Josephine T. Rossi,
                                                            Bankr. Case No.
                                                            08-13998-rel

                    Debtor.
_____

**DECISION AND ORDER**

On April 1, 2009, Debtor Josephine Rossi ("Debtor" or "Rossi") filed with this Court a

Motion for leave to appeal the Order of the United States Bankruptcy Court dated March 24,

2009, denying her application for a Temporary Restraining Order ("TRO") and denying a stay

pending appeal.  Dkt. No. 1.  Rossi also seeks an *ex parte* TRO and a stay pending appeal in the

form of an Order to Show Cause ("OSC") avoiding, vacating, and nullifying the granting of a

bond and avoiding, vacating and/or nullifying the delivery and payment of a bond.  Id.

**I.      Background**

Debtor filed the underlying Bankruptcy Case on November 28, 2008.  See Bankr. Case

No. 08-13998; Rossi Aff. at ¶ 1.  The Motion presently before this Court follows the dismissal of

Rossi's prior Bankruptcy case and this Court's denial of a stay pending appeal and a temporary

restraining order in the ensuing appeal.  See Case No. 1:08-MC-00081.  On January 26, 2009,

Debtor was evicted from her home at 10 Maplewood Avenue, Albany, New York 12205.  Rossi

Aff. at ¶ 12.  On or about January 30, 2009, the Colonie Police Department caused a seizure

which resulted in the impoundment by the Mohawk & Hudson River Humane Society

("MHRHS") of 23 cats from Rossi's prior residence at 10 Maplewood Avenue, Albany, New

York 12205.  Dkt. No. 1, Attach. 1.  The animals were seized and impounded pursuant to the

provisions of Section 373 for violations of Section 353 of Article 26 of the Agriculture and

Markets Law against Rossi for failure to provide proper sustenance/cruelty to animals.  Id.

MHRHS then brought a petition dated March 6, 2009 against Rossi seeking security for the cost

of providing animal care under Section 373, subdivision 6, of Article 26 of the Agriculture and

Markets Law.  Id.  The Town Court of Colonie issued an Order to Show Cause, scheduling a

hearing for March 11, 2009 to determine whether security must be posted and to determine the

amount of the security.  Id.  It appears that the Town Court of Colonie granted a bond to MHRHS

in the amount of $10,350.  See Bankruptcy Court Order (Dkt. No. 1, Attach. 1).

On March 16, 2009, Rossi filed an application with the Bankruptcy Court for a TRO and

OSC seeking to avoid, vacate, and nullify the granting of the bond and avoiding, vacating and/or

nullifying the delivery and payment of the bond by Debtor.  Id.  The Bankruptcy Court denied the

application for a TRO upon a finding that the Town Court's actions fall within 11 U.S.C. §

362(b)(1)'s exception to the automatic stay, and denied Rossi's application for a stay pending

appeal.  Id.  On March 17, 2009, this Court denied Rossi's application for a TRO and for a stay

pending appeal.  1:09-MC-0021, Dkt No. 3.  Rossi is currently appealing that order to the Second

Circuit.  1:09-MC-0021, Dkt No. 4.

Rossi now files this Motion for leave to appeal requesting identical relief to that which this Court previously denied on March 17, 2009.  See 1:09-MC-0027, Dkt. No. 1; see also 1:09-MC-0021, Dkt. No. 3.

## II.    Discussion

In reviewing the rulings of a bankruptcy court, a district court applies the clearly erroneous standard to a bankruptcy court's conclusions of fact, and reviews *de novo* conclusions of law.  Yarinsky v. Saratoga Springs Plastic Surgery, 310 B.R. 493, 498 (N.D.N.Y. 2004) (Hurd, J.) (citing In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000)); In re Petition of Bd. of Dirs. of Hopewell Int'l Inst. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); FED. R. BANKR. P. 8013.  Mixed questions of law and fact are reviewed *de novo*.  Ernst & Young v. Bankr. Servs., 311 B.R. 350, 360 (S.D.N.Y. 2004) (citing In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003); In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999)).

Debtor argues that the cats are property of the estate and therefore protected by the automatic stay pursuant to 11 U.S.C. § 362.  Rossi Aff. at ¶ 15-16.  11 U.S.C. § 362(a) provides for an automatic stay, applicable to all entities, of the commencement of certain judicial proceedings against the debtor.  However, 11 U.S.C. § 362(b)(1) states that the filing of the stay does not apply to "the commencement or continuation of a criminal action or proceeding against the debtor."   Although Rossi contends that the proceedings against her are not criminal in nature, the exhibits she has submitted demonstrate that she is currently charged with four misdemeanor counts.  Dkt. No. 1, Attach. 1.  Therefore, the commencement of the criminal action against Debtor, and the related requirement, under a related section, of the posting of security pending the disposition of those criminal charges fall within the exception of 11 U.S.C. §

3

362(b)(1) to the automatic stay.

**III.     Conclusion**

Accordingly, it is hereby

**ORDERED**, that Debtor's application for a TRO (Dkt. No. 1) is **DENIED**; and it is

further

**ORDERED**, that Debtor's request for a stay pending appeal (Dkt. No. 1) is **DENIED**;

and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Order upon the parties

to this action.

**IT IS SO ORDERED**.

DATED: April 07, 2009
           Albany, New York

Lawrence E. Kahn
U.S. District Judge

4